IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br>THE FLINTKOTE COMPANY and<br>FLINTKOTE MINES LIMITED,<br><br>        Debtors. | Chapter 11<br>Bankr. Case No. 04-11300-JKF |
| IMPERIAL TOBACCO CANADA LIMITED,<br><br>        Movant/Appellant,<br><br>v.<br><br>THE FLINTKOTE COMPANY,<br>FLINTKOTE MINES LIMITED, THE OFFICIAL<br>COMMITTEE OF ASBESTOS PERSONAL<br>INJURY CLAIMANTS, and JAMES J.<br>McMONAGLE, in his capacity as FUTURE<br>CLAIMANTS REPRESENTATIVE,[1]<br><br>        Respondents/Appellees. | Civ. No. 11-00063-LPS |

## MEMORANDUM ORDER

At Wilmington this 21st day of May, 2012, this matter coming before the Court upon (i) the appeal ("Appeal") (D.I. 1) of Imperial Tobacco Canada Limited ("ITCAN") from a portion of the October 25, 2010 "Order Granting in Part and Denying in Part Imperial Tobacco Canada Limited's Amended Motion for Leave to File Out-of-Time Proof of Claim" (the "Order") (Bankr. Case No. 04-11300-JKF, Bankr. D.I. 5425), entered by Judge Judith K. Fitzgerald for the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and (ii) the Plan Proponents' Motion to Dismiss ITCAN's Appeal for Lack of Jurisdiction (the "Motion") (D.I.

---

[1]The above-captioned respondents/appellees, The Flintkote Company ("Flintkote"), Flintkote Mines Limited ("Mines" and, together with Flintkote, the "Debtors"), the Official Committee of Asbestos Personal Injury Claimants, and James J. McMonagle, in his capacity as the Future Claimants Representative, shall be collectively referred to as the "Plan Proponents."

18), and having considered the parties' papers submitted in connection therewith;

IT IS ORDERED that the Plan Proponents' Motion requesting dismissal of the Appeal for lack of jurisdiction (D.I. 18) is GRANTED, for the reasons that follow:

1. <u>Background.</u>[2] ITCAN filed a Notice of Appeal of the Order with the Bankruptcy Court on November 8, 2010 (the "Notice of Appeal") (*see* Bankr. Case No. 04-11300-JKF, D.I. 5462; *see also* Bankr. D.I. 5485 (Appellant's Statement of Issue to be Presented and Designation of Items to Be Included in Record on Appeal); D.I. 20 (Appellant's supplemental record designation)), and the Notice of Appeal was entered on the docket of this Court on January 20, 2011 (*see* D.I. 4). By its notice, ITCAN seeks limited appellate review of the October 25, 2010 Order, specifically requesting reversal of only that portion of the decision – paragraph 1[3] – insofar as that provision denied ITCAN's motion requesting leave to file an out-of-time proof of

---

[2]Because the Court writes primarily for the benefit of the parties, who are well acquainted with this matter and who have been patiently awaiting decision in the thick of a bankruptcy plan confirmation process, the Court presumes reader familiarity with the pertinent background facts.

[3]Paragraph 1 of the Order provides:

1. The Motion is DENIED as to ITCAN's request for leave to file an out-of-time proof of claim with respect to its alleged Alter Ego Contribution and Indemnity Claim; provided however that, in the event the Amended Joint Plan of Reorganization in Respect of The Flintkote Company and Flintkote Mines Limited (As Modified August 5, 2010) [D.I. 5220] (the "Plan") is confirmed and becomes effective, then the denial of the Motion in respect of the Alter Ego Contribution and Indemnity Claim provided for in this paragraph shall not prejudice or impair (i) ITCAN's ability to assert the Alter Ego Contribution and Indemnity Claim as a Flintkote Indirect Asbestos Personal Injury Claim against the Trust (established pursuant to the Plan) in accordance with the procedure set forth in section 5.6 of the Trust Distribution Procedures for individual review of Indirect Asbestos Personal Injury Claims or (ii) the Trust's defenses in respect of any such claim;

(Bankr. D.I. 5425 ¶ 1)

2

claim with respect to its alleged alter ego contribution and indemnity claim. (*See* D.I. 1; D.I. 2; D.I. 4; *see also* Bankr. D.I. 5425)

2.  ITCAN presents one issue for appellate review by this Court, that is, "[w]hether, given the change in otherwise applicable law effected on June 2, 2010, by the Third Circuit's decision in *Jeld-Wen, Inc. v. Van Brunt (In re Grossman's Inc.)* ('*Grossman's*'), 607 F.3d 114 (3d Cir. 2010), the Bankruptcy Court erred in denying ITCAN the right to file an out-of-time proof of claim with respect to its Alter Ego Contribution and Indemnity Claim."[4] (D.I. 2)

3.  According to ITCAN, the Bankruptcy Court erred in denying ITCAN the right to file its "out-of-time proof of claim with respect to its potential future demand for contribution and indemnification." (D.I. 21 at 2; *see id.* at 2-3, 18-29) ITCAN explains that, under the Third Circuit's previous *Frenville* decision, *see Avellino & Bienes v. M. Frenville Co. (In re: M. Frenville Co.)*, 744 F.2d 332 (3d Cir. 1984), and its "accrual test," ITCAN – an entity lacking any indemnity agreement with the Debtors – held no "claim" for alter ego contribution and indemnity cognizable under Section 101(5) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), that could be filed. (*See id.* at 19-27) According to ITCAN, under applicable state law, it would simply have no claim or right to payment for contribution and indemnity until such claim accrued under state law, that is, until ITCAN suffered some loss or

---

[4]On October 13, 2004, the Bankruptcy Court entered an order establishing January 31, 2005 as the "Bar Date" for filing proofs of claim against the Debtors. (*See* D.I. 18 at 3; D.I. 21 at 5) At that time, ITCAN alleges, "it did not have any known claims against the Debtors" (*id.*), "only a 'demand' for potential future payment in the event it were ever determined to be Flintkote's alter ego" (D.I. 23 at 2, 10), and therefore filed no formal proof of claim. On April 5, 2006 – beyond the established Bar Date – Flintkote and certain asbestos claimants sued ITCAN in California state court seeking a determination that ITCAN was, or is, the alter ego of Flintkote. (*See* D.I. 21 at 5)

3

damage by the payment of the underlying claim. (*See id.* at 22) "[B]ecause ITCAN has not yet been found to be Flintkote's alter ego and, therefore, is not liable for any of Flintkote's asbestos liability, its cause of action against the Debtors has not yet accrued and did not qualify as a 'claim' under Bankruptcy Code section 101(5) as interpreted in *Frenville*." (*Id.* at 22; *see also id.* at 2; D.I. 23 at 2, 10, 17, 19)

4. ITCAN insists it was not until ***after*** the Third Circuit's issuance of its *Grossman's* decision on June 2, 2010 that ITCAN held a "claim" for bankruptcy purposes; prior to that decision, ITCAN "held only a 'demand' for potential future payment in the event it were ever determined to be Flintkote's alter ego."[5] (D.I. 23 at 2; *see* D.I. 21 at 18-27) ITCAN offers that "*Grossman's* did not merely address the allowability of claims, but fundamentally redefined what constitutes a 'claim' under the Bankruptcy Code" by its determination, "contrary to conclusions reached in earlier decisions, [that] a party holds a 'claim' within the meaning of section 101(5) if it holds a contingent cause of action, even if no payment obligation currently exists." (*Id.* at 2, 27) Thus, "in broadening the definition of 'claim' previously defined under *Frenville*, *Grossman's* effected a substantial change in law that, on its face, gave rise to ITCAN's right to file an out-of-time proof of claim." (*Id.* at 27; *see also* D.I. 23 at 3-12)

5. Because the Bankruptcy Court, however, "fundamentally misunderstood" the *en banc* decision, ITCAN alleges that the Bankruptcy Court erred and abused its discretion by denying ITCAN's subsequent request for leave to file an out-of-time proof of claim regarding its potential future demand for contribution and indemnification, in the event it is ever determined to

---

[5]ITCAN filed its Motion for Leave to Allow Out of Time Filing of a Proof of Claim (Bankr. D.I. 5172) on July 13, 2010 and amended the motion on August 20, 2010 (Bankr. D.I. 5242).

4

be Flintkote's alter ego. (*See* D.I. 21 at 2-3, 6-7, 25-31) While the Bankruptcy Court held that ITCAN met the standards for excusable neglect and permitted it to file proofs of claim for its two environmental claims, ITCAN submits that the Court "ruled in summary fashion" that ITCAN failed to meet the excusable neglect standards with respect to its contribution and indemnity claim. (*See id.* at 7-8)

6. ITCAN asserts: (i) while the Bankruptcy Court declined the invitation to engage in an informal proof of claim analysis, ITCAN should have at least been deemed to have filed an informal claim given its various pleadings and participation during the course of the bankruptcy proceedings, which placed all parties on notice of its demand against the estate and interpretation of the law (*see id.* at 27-29, 32-33; *see also* D.I. 23 at 3, 12-14); and (ii) ITCAN should be granted leave to file a formal proof of claim, on excusable neglect grounds, for failure to abide by the Bar Date order – a failure which was the product of circumstances beyond ITCAN's control (*see* D.I. 21 at 29-30; D.I. 23 at 15-20). According to ITCAN, the Bankruptcy Court abused its discretion by failing to comprehensively analyze the factors typically considered in deciding whether excusable neglect exists, as set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380 (1993).[6] (*See* D.I. 21 at 30-31; D.I. 23 at 15-20) ITCAN argues that

---

[6]ITCAN complains:

> Here, the Bankruptcy Court issued no findings of fact. Nor did it prepare a memorandum opinion addressing its denial of ITCAN's right to file its Contribution/Indemnity Claim. The hearing transcript contains no indication that the Bankruptcy Court undertook a robust analysis. Nor did the Bankruptcy Court purport to analyze all of the relevant factors. Instead, having rejected out of hand the notion that *Grossman's* resulted in any meaningful change in precedent, the Bankruptcy Court failed to give meaningful consideration to the merits of ITCAN's position. The

5

Debtors would suffer no prejudice if an out-of-time proof of claim for contribution and indemnity was filed. (*See* D.I. 21 at 31-38; *see also* D.I. 23 at 3, 15-20)

7.  Plan Proponents have a different view. They contend that the Bankruptcy Court committed no error or abuse of discretion and, further, that ITCAN's appeal must be dismissed for lack of jurisdiction. (*See generally* D.I. 18) According to Plan Proponents, ITCAN has improperly appealed from an ***interlocutory*** order of the Bankruptcy Court – without seeking leave to do so under 28 U.S.C. § 158(a)(3). (*See id.* at 8, 15) According to Plan Proponents, the Order being appealed granted in part and denied in part ITCAN's motion for leave to file an untimely proof of claim against the Flintkote bankruptcy estate. (*See id.* at 2; Bankr. D.I. 5425) Such Order is interlocutory "because it resolved only one aspect of ITCAN's proposed proof of claim against Flintkote's estate, and only a fraction of the broader dispute between ITCAN and the Plan Proponents." (D.I. 18 at 8) Plan Proponents further explain:

> The Bankruptcy Court has yet to rule on Debtors' substantive objection to the proof of claim ITCAN *was* permitted to file, and has yet to rule on confirmation of Flintkote's plan of reorganization (the "Plan"). ITCAN alone maintains objections to confirmation. And those objections are intertwined with the legal arguments ITCAN purports to raise in this appeal.

(D.I. 18 at 2; *see also* D.I. 3 (Plan Proponents' additional record designation); D.I. 19 (Plan

---

Bankruptcy Court merely stated, "the *Pioneer* factors on balance mean that Flintkote would be prejudiced by having to deal with that claim at this time, especially a week before the confirmation hearing starts when this has been going on since at least 2006 or [2007]." 2010-10-18 Hr'g Tr. 62.

(D.I. 21 at 30-31)

6

Proponents' supplemental record designation))[7]

8. Plan Proponents also question much of ITCAN's approach throughout the bankruptcy proceedings. (*See* D.I. 18 at 3-5) Plan Proponents contend the Bankruptcy Court did, indeed, pay attention to the *Pioneer* factors; in denying leave to include the alter ego claim, the Bankruptcy Court offered three reasons:

> First, as the Bankruptcy Court had cautioned ITCAN, Frenville never barred ITCAN from filing a proof of claim. See Transcript of Omnibus Hearing [D.I. 5411] at 10:9-12 (Oct. 18, 2010) (Frenville "had nothing to do with the fact that if you think you have a contingent, unmatured or unliquidated claim you should file it. . . . It had nothing to do with bar dates."); id. at 12:14-19 ("I think I've expressed on this record before that you had notice, that if nothing else you could have filed a prompt request to file a late proof of claim, if that's what was necessary, because that claim was contingent and still is contingent. So, Grossman's has had nothing to do with the change in nature of that specific claim."). Therefore, the Third Circuit's decision to overrule Frenville had no impact on whether ITCAN should have filed a proof of claim years before. See id. at 10:17-18 ("I don't see that Grossman's did anything to change bar date issues.")
>
> Second, ITCAN had "many, many opportunities to pursue a late filed claim" in the preceding years, and simply chose not to do so. See id. at 62:6-7; id. at 53:21-24 ("Clearly, there have been numerous opportunities throughout this case where a late proof of claim request could have been made before now, and I simply don't see it now.")
>
> Third, "Flintkote would be prejudiced by having to deal with that claim at this time, especially a week before the confirmation hearing starts when [the alter-ego litigation] has been going on since at least 2006 or [2007]. It's been a long time, in any event." Id. at 62:8-11.

---

[7]The Court takes judicial notice of the fact that, subsequent to the completion of briefing in the instant matter, the Bankruptcy Court's docket reflects that it has concluded its hearing on plan confirmation, the parties have completed post-confirmation briefing, the Bankruptcy Court heard final arguments on the post-confirmation briefs and Plan confirmation on March 28, 2012, and post-argument briefing has recently been completed. (*See, e.g.*, Bankr. D.I. 6366, 6696; Bankr. Case No. 04-11300-JKF) ITCAN is the only remaining Plan objector. (*See* D.I. 18 at 4, 7-8)

7

(D.I. 18 at 6)[8]

9. In response, ITCAN – which appealed from the subject Order pursuant to 28 U.S.C. § 158(a)(1) and Federal Rule of Bankruptcy Procedure 8001 *et seq.*, but not pursuant to § 158(a)(3) – contends no interlocutory decision is at issue. ITCAN argues that "the Order is the

---

[8]According to Plan Proponents, while ITCAN was aware of the Debtors' 2004 bankruptcy petitions and the 2005 Bar Date, it waited until 2010 before seeking leave to file a proof of claim – on the eve of confirmation of the Debtors' § 524(g) plan. (*See* D.I. 18 at 3; D.I. 22 at 11) "Two years earlier, in 2008, the Bankruptcy Court had informed ITCAN that, if it believed it had a claim against Flintkote, it should have filed it," yet ITCAN did not do so. (D.I. 18 at 3; *see also* D.I. 22 at 11-13 (discussing ITCAN's timing and citing Transcript of July 21, 2008 Hearing [Bankr. D.I. 3522] at 67:22-68:18 ("MR. PARDO: . . . I have an indirect asbestos claim[.] THE COURT: Then you should have filed it. MR. PARDO: I can't [file] because Frenville won't allow me. THE COURT: Oh, absolutely not. THE COURT: . . . [Y]ou clearly are not in a position of [the] personal injury – potential asbestos claimant in the nature of the footnote in Frenville. And Frenville's an automatic stay case in any event.")); D.I. 18 at 3 (same)) Plan Proponents also point out that, when it denied ITCAN leave to file a proof of claim for the alter ego indemnity claim (yet approved of the inclusion of environmental claims) at an October 18, 2010 hearing [Bankr. D.I. 5411], the Bankruptcy Court explained:

> [T]he bar date has always covered contingent, unliquidated and unmatured claims, always. The statute says that. ***And nothing in [Frenville] said that you don't honor a bar date.").*** *Id.* (emphasis added). As a consequence, the Bankruptcy Court concluded that Grossman's overruling of Frenville had no bearing whatsoever on ITCAN's failure to file a timely proof of claim. Id. at 12-13 ("You had notice, that if nothing else you could have filed a prompt request to file a late proof of claim, if that's what was necessary, because th[e] [Alter Ego] claim was contingent and still is contingent. So Grossman's has had nothing to do with the change in nature of that specific claim. The bar date's the bar date.")

(D.I. 22 at 14-15; *see also id.* at 15 n.8 (citing Transcript of July 14, 2010 Hearing [Bankr. D.I. 5179] at 26:24-29:4 ("MR. PARDO: [W]e haven't been able to file the proof of claim before the Third Circuit's decision in Grossman's. THE COURT: Oh, of course, you could. . . . Frenville doesn't deal with the concept of the contingent claim filing. . . . And Frenville had that famous footnote that says and we're not saying that Frenville would apply to [the] mass tort context anyway. ***So there is nothing in Frenville that prohibits a creditor from filing a contingent claim.***" (emphasis added)).")

8

Bankruptcy Court's *final* word on ITCAN's ability to file its out-of-time proof of claim for contribution and indemnification," adding "[b]ecause no further action by the Bankruptcy Court is necessary with respect to the Contribution/Indemnity Claim, the Order with respect to that claim is final and appealable." (D.I. 21 at 3-4, 15 (emphasis added); *see also id.* at 12-18)

10. To the extent, however, the Order is interlocutory, ITCAN submits it meets the test for appealing an interlocutory order, in that: (i) the Appeal involves a controlling issue of law, i.e., whether a change in law as to what constitutes a "claim" under *Grossman's* gave rise to a claim that ITCAN could file; (ii) a substantial difference of opinion on the issue exists; and (iii) permitting an immediate appeal will materially advance the termination of the litigation regarding the contribution and indemnity claim because there is nothing left for the Bankruptcy Court to decide as to that claim. (*See* D.I. 21 at 17-18)

11. <u>Standard of review</u>. Appeals from the Bankruptcy Court to this Court are governed by 28 U.S.C. § 158. Pursuant to § 158(a), district courts "shall have jurisdiction to hear appeals" from "final judgments, orders, and decrees," and from certain interlocutory orders relating to time periods not at issue here. 28 U.S.C. § 158(a)(1) & (2). With respect to "other interlocutory orders and decrees," the district court's jurisdiction can be invoked only "with leave of the court." *Id.* § 158(a)(3). This Court reviews the Bankruptcy Court's findings of fact for clear error and exercises plenary review over decisions of law. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). When an appeal involves mixed findings of fact and conclusions of law, the Court must "break down [such] mixed questions of law and fact, applying the appropriate standard to each component." *Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir. 1992).

12. <u>Analysis</u>. As noted above, the parties dispute whether this matter presents an appeal from an interlocutory or final order. The Court concludes the Order is not a final order. Additionally, interlocutory review of the Order is not warranted.

13. Here, the underlying suit survives. As Plan Proponents point out, the Order "merely denied ITCAN leave to file proof of its Alter Ego Indemnity Claim, and granted ITCAN leave to file proof of two other claims." (D.I. 22 at 4) Moreover, "ITCAN continues to press objections to plan confirmation that invoke the very issues ITCAN raises in this appeal (namely, the impact of <u>Grossman's</u>)." (*Id.*; *see also* D.I. 18 at 9-15) The Order lacks finality because it "only partially den[ies] ITCAN's motion for leave to file an untimely proof of claim in Flintkote's chapter 11 case" and "adjudicates less than all related disputes between a creditor and the estate" – it simply "does not 'end[] the litigation' between ITCAN and the Debtors." (D.I. 22 at 1, 5; *see also* D.I. 18 at 9-15)

14. Although the Order is not a final order, this Court may exercise its discretion to review "interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(3). Section 158(a) does not identify the standard district courts should use in deciding whether to grant an interlocutory appeal. *See id.* The Court will follow the practice of many others and use the standards of 28 U.S.C. § 1292(b), which govern interlocutory appeals from a district court to a court of appeals. *See In re Philadelphia Newspapers, LLC*, 418 B.R. 548, 556 (E.D. Pa. 2009) ("[C]ourts within this Circuit confronted with the decision whether to grant leave to allow an interlocutory appeal are informed by the criteria in 28 U.S.C. § 1292(b)."); *see also In re SemCrude, L.P.*, 2010 WL 4537921, at *2 (D. Del. Oct. 26, 2010) ("In deciding whether an

10

interlocutory order is appealable in the bankruptcy context, courts have typically borrowed the standard found in 28 U.S.C. § 1292(b), which governs whether an appeal of a district court's interlocutory order to a court of appeals is warranted.").

15. Under Section 1292(b), an interlocutory appeal will be granted only when the order at issue (1) involves a controlling question of law upon which there is (2) substantial grounds for a difference of opinion as to its correctness and, (3) if appealed immediately, may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974).

16. Moreover, entertaining an appeal of an interlocutory order under § 1292(b) is appropriate only where the party seeking leave to appeal "establishes [that] exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re Del. and Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del. 1989), *aff'd*, 884 F.2d 1383 (3d Cir. 1989). The Court is mindful that "[p]iecemeal litigation is generally disfavored by the Third Circuit." *In re SemCrude*, 2010 WL 4537921, at *2 (citing *In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988)).

17. The Court is not persuaded that an interlocutory appeal of the October 25, 2010 Order is justified.

    a. <u>Controlling question of law</u>. First, to demonstrate that a controlling issue of law exists, ITCAN asserts that the issue on appeal is "whether a change in law as to what constitutes a 'claim' under *Grossman's* gave rise to a claim that ITCAN could file." (D.I. 21 at 17) ITCAN argues that denial of the ability to file a late proof of claim was in error because *Grossman's* altered the landscape of bankruptcy law in the Third Circuit as to when a "claim"

11

exists for bankruptcy purposes. (*See id.* at 17-27)

Plan Proponents respond that, in reality, "ITCAN has appealed from the Bankruptcy Court's fact-intensive, discretionary application of the *Pioneer* standard for 'excusability' and 'neglect.'" (D.I. 18 at 6)

The Court agrees with Plan Proponents. ITCAN's appeal presents the fact-intensive Bankruptcy Court determination that ITCAN had ample time within which to raise its "claim" or seek an extension to do so and inexcusably failed.[9] Under the circumstances, the Court is not persuaded that ITCAN presents any controlling question of law.

      b.    <u>Substantial grounds for difference of opinion</u>. ITCAN submits that there are substantial differences of opinion as to when its claim arose, differences that are "evidenced by Judge Fitzgerald's own contradicting opinions on *Grossman's*. *Compare* 2010-10-18 Hr'g Tr. at 62 ('As to the alter ego liability and whatever Flintkote's claim might be on that score, I just can't see that *Grossman's* changed the law.'), with Hon. Judith K. Fitzgerald & Maribeth Thomas, Third Circuit Review, NORTON BANKRUPTCY LAW ADVISER, at 7 (March 2011) (*Grossman's* determines '[w]hen a [c]laim [a]rises in [b]ankruptcy')." (D.I. 21 at 17-18)

Plan Proponents counter that ITCAN cannot establish the issue on appeal involves a substantial difference of opinion because here there is no "genuine doubt" regarding "the correct legal standard." (D.I. 18 at 16) "Because <u>Pioneer</u> indisputably governs the inquiry into whether a party is entitled to late-file a proof of claim, ITCAN cannot demonstrate a 'genuine doubt' regarding 'the correct legal standard.'" (*Id.* at 16-17)

---

[9]As ITCAN recognizes, "determination of excusable neglect 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" (D.I. 21 at 30 (citing *Pioneer*, 507 U.S. at 395))

12

The Court is not persuaded that substantial grounds for difference of opinion exist.

        c.      <u>Materially advance termination of litigation</u>. While ITCAN asserts that immediate review of the Order is justified and would accelerate the litigation's termination (*see* D.I. 21 at 18), the Court does not agree.

ITCAN mainly argues that permitting immediate appeal will materially advance the termination of the litigation with respect to its contribution and indemnity claim "because there is nothing left for the Bankruptcy Court to decide with respect to that claim." (D.I. 21 at 18) Plan Proponents counter that "[r]esolution of this appeal could not decide the allowance or amount of ITCAN's proof of claim, because ITCAN's claim for attorneys' fees remains pending in the Bankruptcy Court. Nor could resolution of this appeal eliminate the need for the confirmation hearing, which would occur regardless of what happens in this appeal, or resolve the precise legal issues raised in ITCAN's confirmation objections." (D.I. 18 at 17)

For the reasons cited by Plan Proponents – as well as the recent developments in the Bankruptcy Court, *see supra* n.7 – the Court does not believe that interlocutory review would materially advance the termination of litigation.

        d.      <u>Other considerations</u>. Furthermore, ITCAN fails to present exceptional circumstances justifying the need for immediate or piecemeal review. Additionally, ITCAN will have an opportunity to show that the Bankruptcy Court was in error should it choose to appeal a final judgment of that court.

18.     <u>Conclusion</u>. For the foregoing reasons, the Court concludes that the Bankruptcy Court's October 25, 2010 Order is not a final order and, further, an interlocutory review of the Order is not warranted. Plan Proponents' Motion to Dismiss ITCAN's Appeal for Lack of Jurisdiction (D.I. 18) is, therefore, GRANTED.

                                                                                              UNITED STATES DISTRICT JUDGE